UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELLY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. BENJAMIN LEE,<br><br>　　　　　Defendants. | No. 2:17-cv-1810 KJN P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Allegations

Plaintiff alleges he has torn ligaments in his ankle, and that on January 13, 2017, Dr. Lee examined plaintiff's ankle, but allegedly refused plaintiff treatment. Plaintiff filed an administrative appeal, and Dr. Jeu wrote in the appeal response that he performed an exam on plaintiff, but plaintiff claims he did not. Plaintiff requested treatment on a "7362," and Dr. Lee noted plaintiff's injury, but Dr. Lee did not treat plaintiff's condition on April 26, 2017. Dr. Sahota noted all of the above in his second level appeal response on April 6, 2017, but stated that the lack of care was in accordance with the professional judgments of the physician. Plaintiff alleges that he did not receive any treatment for his condition, despite his repeated requests to see an orthopedic surgeon. Plaintiff provided copies of his administrative appeals and responses. (ECF No. 1 at 9-18.)

IV. Medical Standards

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Id. "The more basic the need, the shorter the time it can be withheld." Id. (citations omitted).

3

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976).

For a prison official's response to a serious medical need to be deliberately indifferent, the official must "'know[ ] of and disregard[ ] an excessive risk to inmate health.'" Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (*en banc*) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations in original) (citation omitted). This rule applies whether the difference is between the medical professional(s) and a prisoner or two or more medical professionals. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).

In appropriate cases, however, a prisoner may state a claim of deliberate indifference to medical needs based on a difference of medical opinion. To do so, the prisoner must show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

V. Discussion

In the appeal responses, it was noted that plaintiff's right ankle was injured while he was playing basketball in early November of 2016 while housed at San Quentin State Prison ("SQ"). (ECF No. 1 at 17.) Plaintiff was seen at SQ triage in early and late November of 2016 for an "eversion[1] injury" of his right ankle. (Id.) Plaintiff was transferred to Folsom State Prison ("FSP") on November 30, 2016, where plaintiff submitted a 7362 for the ankle injury on January

---

[1] Eversion is defined as "the condition of being turned or rotated outward." "Eversion." Merriam-Webster.com. Merriam-Webster, n.d. Web. 1 Sept. 2017.

4

1, 2017. Plaintiff was seen by an RN on January 3, 2017, and referred to his primary care physician for follow up. Plaintiff then developed chest pain, for which plaintiff was treated at an outside hospital emergency room, and seen by his primary care physician multiple times since January 12, 2017. (ECF No. 1 at 18.)

Contrary to plaintiff's claim that he received no treatment for his ankle, the records provided by plaintiff demonstrate that his ankle was initially treated at SQ, and at FSP, he was examined by his primary care physician ("PCP"), and plaintiff received two separate 3-view x-rays of his ankle, one on April 18, 2017, and one on May 24, 2017, and he was evaluated on June 7, 2017, for follow up for ankle pain.[2] (ECF No. 1 at 9.) The PCP reviewed the imaging studies with plaintiff, and the doctor noted that "there is no significant soft tissue swelling or no acute fracture." (Id.) Records reflect that plaintiff was notified on May 24, 2017, that the x-ray test results "are essentially within normal limits or are unchanged and no provider follow up is required." (Id.) Deputy Director Lewis noted that plaintiff was able to perform activities of daily living, and that the PCP noted plaintiff was able to work out and was in no acute distress, and advised plaintiff to avoid activities that require repetitive jumping or twisting. Lewis noted there was "no written medical indication by [plaintiff's] PCP for a referral to see a specialist." (Id.) The appeal responses note that plaintiff's PCP diagnosed plaintiff's ankle injury as an "ankle strain." (ECF No. 1 at 15, 17.)

Plaintiff fails to allege facts demonstrating that any defendant was deliberately indifferent to plaintiff's serious medical needs. Plaintiff's claim that he received no treatment for his right ankle injury is rebutted by the documents demonstrating he was examined by his PCP and received 3-view x-rays showing no significant soft tissue swelling or acute fracture. The records reflect that plaintiff's ankle injury was diagnosed as ankle strain. Plaintiff believes his ligaments are torn and that he must see an orthopedic specialist. Thus, it appears that plaintiff has a

////

---

[2] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

difference of opinion with his medical doctors, which fails to rise to the level of deliberate indifference. Therefore, the complaint must be dismissed.

VI. Leave to Amend

It is not clear that plaintiff can allege facts demonstrating deliberate indifference. However, in an abundance of caution, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

      3. Plaintiff's complaint is dismissed.

      4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

      Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 28, 2017

/thom1810.14n

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| DONNELLY THOMPSON,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. BENJAMIN LEE,<br><br>        Defendants. | No. 2:17-cv-1810 KJN P<br><br>ORDER |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

                                                            _____
                                                            Plaintiff